UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL DUANE LEWIS** | **CIVIL ACTION NO. 3:12-cv-1544** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **BRIAN NEWCOMER,** | |
| **WARDEN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Michael Duane Lewis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 6, 2012.  When he filed this suit he was a pre-trial detainee at the Ouachita Corrections Center (OCC), Monroe, Louisiana;  he complained that he was the victim of excessive force and that he was confined in unsanitary conditions for a period of 24 hours after he was accused of using profanity.  Plaintiff sued OCC Warden Brian Newcomer, Sgt. Allen Greene, Corporal John Reed, and Deputy Stadius.  On September 24, 2012, plaintiff was ordered to amend his complaint to provide specific facts in support of his claims. On October 10, 2012, the order, which had been mailed to plaintiff at the address he supplied, was returned by the United States Postal Service with a notation indicating that plaintiff was no longer incarcerated at the OCC.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The

power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Further, Local Rule Rule 41.3 of the Western District provides in part, "The failure of a[ ]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the clerk of court's correspondence was returned indicating that plaintiff was no longer incarcerated at the OCC; plaintiff has not updated his address, and this violation of Local Rule 41.3 warrants dismissal of the complaint;[1] further, plaintiff has made no attempt to contact the court since he filed his complaint and application to proceed *in forma pauperis* on June 18, 2012. Therefore,

---

[1] The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a local court rule and has not even attempted to contact the court since he filed his complaint and request to proceed ifp in June 2012. Furthermore, since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action given his lack of interest in the proceedings.

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and Local Rule 41.3.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 14, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE